KOONCE v. PIERCE PETROLEUM CORPORATION.

Opinion delivered February 6, 1928.

1. TAXATION—REPEAL OF TAX ON CAPITAL STOCK.—Acts 1925, p. 832, § 2, amending Crawford & Moses' Dig., § 9804, and requiring the Tax Commission to charge and certify to the Treasurer for col-

lection as a franchise tax a certain percentage on a proportion of the subscribed capital stock of corporations represented by property owned and used in business transacted in the State, being free from ambiguity, repeals Acts 1925, p. 692, § 7, requiring the tax on capital stock as represented by property owned and business transacted in the State, since it is in conflict with and repugnant thereto, though both acts were passed by the same Legislature, and approved within a day of each other.

2. TAXATION—TAX ON CAPITAL STOCK.—Under Acts 1925, p. 832, § 2, amending Crawford & Moses' Dig., § 9804, the Tax Department of the State is without authority to charge a corporation a franchise tax on its capital stock as represented by property owned and business transacted in the State, but should have charged same on the proportion of subscribed capital stock represented by property owned and business transacted in the State, as provided by act 271 of 1925.

3. TAXATION—INJUNCTION AGAINST COLLECTION OF EXCESSIVE TAX.—Where the amount of franchise tax tendered by plaintiff corporation was the correct amount that could be charged under Acts 1927, p. 831, no error was committed by the court in permanently enjoining State officials from collecting a greater amount.

Appeal from Pulaski Chancery Court; *Frank H. Dodge,* Chancellor; affirmed.

STATEMENT OF FACTS.

This appeal comes from a decree enjoining the State Treasurer and other officials from attempting to collect the franchise tax, $3,362, assessed against the appellee corporation by the Tax Department of the Arkansas Railroad Commission for the year 1927.

The assessment was made upon the franchise tax report of appellee, a foreign corporation authorized to do business in this State, filed on March 23, 1927; and in making it the Tax Department ascertained the percentage of the property valuation used in business in the State, as well as a percentage of the business done in the State, levying a tax upon the property owned and the business transacted within the State. It also figured the non-par value stock at $25 per share, in accordance with § 1, act 376 of 1923, upon the amount ascertained as being the value of the property owned and the business transacted in the State; the rate prescribed by § 7 of the amendatory

act 271 of the Acts of 1925 (11/100 of one per cent.), was charged, producing the amount $3,362.01, reported to the State Auditor as franchise tax for 1927 and by him charged and certified to the State Treasurer, as required by law.

Appellee brought suit in the Pulaski Chancery Court, August 6, 1927, asking for an injunction against the State Treasurer and other officials restraining them from proceeding to collect the franchise tax assessed for said year 1927, which it alleged was levied without authority of law, and that the amount due from it for such franchise tax was only $557.26, which it offered to pay, but the tender thereof was refused.

A temporary order restraining appellant from the collection of more than the sum tendered was made. The appellant's demurrer to the complaint was overruled, and, upon their declining to plead further, a decree was entered permanently enjoining appellants from the collection of more than the amount tendered as franchise tax for said year, and from said decree this appeal is prosecuted.

*H. W. Applegate,* Attorney General, *Hal L. Norwood,* Assistant, and *Sam M. Wassell,* for appellant.

*Malcolm W. Gannaway* and *A. Carlyle Gannaway,* for appellee.

KIRBY, J.    The only question for determination here is whether appellant should have charged, certified and attempted to collect, as a franchise tax from appellee, for the year 1926, upon the proportion of appellee's capital stock as represented by its property owned and business transacted in this State during the said year, or only to collect, as a franchise tax for said year, the proportion of appellee's capital stock as represented by its property owned and used in business transacted in this State during said year.

Appellants insist that the amended statute authorizing the levying of the franchise tax was inadvertently and by typographical error made to conflict with act 236 of the Acts of 1925, which covers the entire subject of levy

and collection of franchise tax, approved on the 27th day of March, 1925, the day before the amendatory act 271 of the Acts of 1925 was approved, and that said amendatory act should be construed accordingly as not affecting the levying of the franchise tax.

The last act, § 2 of No. 271, amended § 9804, C. & M. Digest, to read as follows:

"That § 9804 of Crawford & Moses' Digest be, and the same is, hereby amended to read as follows: 'Section 9804. Upon the filing of the report provided for in §§ 9802 and 9803 the Commission, from the facts thus reported, and from other facts coming to its knowledge bearing upon the question, shall determine the proportion of the subscribed capital stock of the corporation represented by its property and business in this State on or before July 1, and shall report the same to the Auditor of State, who shall charge and certify to the Treasurer of State, on or before July 10, for collection, as hereinafter provided, annually, from said corporation, in addition to the initial fee otherwise provided by law, for the privilege of exercising its franchise in this State, a tax of eleven one-hundredths of one per cent. each year upon the proportion of the subscribed capital stock of the corporation represented by property owned and used in business transacted in this State.' "

Appellee contends that this act, being in conflict with the former statute, necessarily repeals it, and that the franchise tax must be levied only upon its property owned and used in business transacted in the State; while appellants insist that this last act only repeals act 236 as to the rate of taxation.

Said section of the statute it last amended was § 2, act approved February 15, 1917, which provided a privilege or franchise tax as follows: "* * * A tax of one-tenth of one per cent. each year upon the proportion of the subscribed, issued and outstanding capital stock of the corporation represented by property owned and used in business transacted in this State."

Section 7 of Act 236 of 1925 amends said section of the Digest to require the proportion of the capital stock of the corporation as "represented by its property and business in this State," and charge and certify a franchise tax, in addition to the initial fee provided, "of one-tenth of one per cent. each year upon the proportion of the issued and outstanding capital stock of the corporation used in Arkansas, as represented by property owned and business transacted in this State."

The last act 271 of 1925 requires the Commission to determine the proportion of the capital stock of the corporation "represented by its property and business in this State," and to charge and certify to the Treasurer for collection as franchise tax, in addition to the initial fee, "a tax of eleven one-hundredths of one per cent. each year upon the proportion of the subscribed capital stock of the corporation represented by property owned and used in business transacted in this State."

The Constitution provides that, in amending a law, so much thereof as is amended "shall be reenacted and published at length." The language of this section of the statute, as last amended by said act 271, is plain in its meaning and free from ambiguity, and is obviously in conflict and repugnant to the provisions of said statute as amended by and published at length in said act 236 of the Acts of 1925, which it necessarily repeals.

It is argued forcefully that the Legislature could not have intended, by amending this section of the statute, which was to provide means "for the erection of armories for the units of the National Guard, and for other purposes," as shown from its title, to repeal the law enacted the day before, covering the whole subject of franchise tax, in effect destroying it.

Appellants contend, however, that the rate and percentage of taxation as provided in said last act of the Legislature would have to be applied in the charging and collecting of the franchise tax, but that the provision limiting the charge to the capital stock of the corporation, "represented by property owned and used in business

transacted in this State," although necessarily repugnant to the provision of the said act 236, should not repeal it, but be construed to be rather in harmony with the first act covering the entire subject, both having been passed by the same Legislature and approved within a day of each other. There is no ambiguity, however, in this last act, and the law relating to the levying of the franchise tax, before the amendment by act 236, read exactly as does the last act, and there is no less reason to believe that there was a mistake made in the passage of said act 236, changing the former law, than in the last act 271, changing and amending said act 236, and necessarily repealing it.

It follows that the Tax Department of the State was without authority to charge a franchise tax upon the capital stock, as represented by property owned and business transacted in this State, but should have charged same upon the proportion of the subscribed capital stock of the corporation represented by property owned and used in business transacted in this State, as provided by said act 271 of 1925.

It being conceded that the amount of franchise tax as tendered by appellee was the correct amount that could be charged under said act 271, no error was committed by the court in permanently enjoining the State officials from collecting any other or greater amount than said sum, and the decree is accordingly affirmed.